IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ANTHIEUS CHRISTOPHER DIXON,
    Petitioner,

v.                                                    Civil Action No. 3:25cv424 (DJN)

HAMPTON CIRCUIT COURT,
    Respondent.

**MEMORANDUM OPINION**

Anthieus Christopher Dixon, an Arizona inmate proceeding *pro se* and *in forma pauperis*, filed a submission that he calls a "MOTION FOR MANDAMUS RELIEF" ("Petition," ECF No. 1).[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1]     The Court employs the pagination assigned to Dixon's submission by the CM/ECF docketing system. The Court corrects the spelling, capitalization and punctuation in quotations from the record.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de*

*Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

Dixon explains that he was sentenced to a five-year sentence of incarceration for drug distribution, presumably by the Hampton Circuit Court. (ECF No. 1 ¶¶ 3–4.) Dixon served one and a half years, with three and a half years suspended, with a term to follow of ten years of probation. (*Id.* ¶ 4.) After being released from the Virginia Department of Corrections, Dixon violated probation in 2016. (*Id.* ¶ 5.) In 2019, Dixon was then "granted another Interstate Compact to reside in the state of Hawaii" and he "found full time work." (*Id.* ¶ 9.) On December 21, 2022, Dixon was found guilty of crimes in Hawaii and received a ten-year sentence; however, Dixon has been incarcerated from September 10, 2020, to the present. (*Id.* ¶¶ 14, 20.) On December 21, 2022, "the City of Hampton, VA issued a warrant/detainer for [his] arrest after the previous convictions in Hawaii," because Dixon was deemed to have absconded from probation supervision. (*Id.* ¶¶ 15, 19.) Dixon explains that he

> is seeking removal of detainer, lodged by the HCCC which continues to be a setback and irreparable harm to his recovery as well as his livelihood back into society. The Petitioner seeks relief so that he can attend and successfully complete the Salvation Army ATS, Work Furlough, and continue to further his quest in his rehabilitation.

(*Id.* ¶ 25.)

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Dixon's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Dixon seeks an order from this Court directing the City of Hampton Circuit Court to order the "removal of detainer, lodged by the HCCC." (ECF No. 1 at 3.) However, this Court lacks jurisdiction to grant mandamus relief against state officials or state courts. *See In re Gurley*, 247 F. App'x 437, 438 (4th Cir. 2007) (citing *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *Islam v. Va. Supreme Court*, No. 3:07CV418, 2007 WL 3377884, at *1 (E.D. Va. Nov. 13, 2007) (citation omitted). Accordingly, Dixon's Petition will be DISMISSED for failure to state a claim and as legally frivolous.

## IV. CONCLUSION

Dixon's Petition (ECF No. 1) will be DISMISSED for failure to state a claim and as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Dixon.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: December 12, 2025